**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SEDRICK BOHANNON**                                                                    **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 4:11-cv-163-HTW-LRA**

**LAUDERDALE COUNTY CIRCUIT COURT, et al.**               **DEFENDANTS**

## MEMORANDUM OPINION

The Plaintiff filed this *pro se in forma pauperis* Complaint pursuant to Title 42 U.S.C. § 1983. On October 12, 2011, an Order [ECF No. 9] was entered directing the Plaintiff to file a written response to provide specific information regarding his claims, on or before November 2, 2011. The Plaintiff was warned in this Order, that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would lead to the dismissal of his case. The Plaintiff filed and attachment to his IFP motion on October 26, 2011, and on November 16, 2011, Plaintiff filed a letter that was unresponsive to the Order. The Plaintiff failed to respond to or comply with the Order of October 12, 2011.

On January 25, 2012, an Order [ECF No. 12] was entered directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's October 12, 2011 Order. In addition, Plaintiff was directed to comply with the previous Order by filing his written response on or before February 9, 2012. The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. The Plaintiff failed to comply with the Show Cause Order [ECF No. 12].

On February 24, 2012, a Final Order to Show Cause [ECF No. 13] was entered. Plaintiff

was directed to file a written response, on or before March 10, 2012, showing cause why this case should not be dismissed for his failure to comply with the Court's Orders of October 12, 2011, and January 25, 2012.  In addition, Plaintiff was directed to comply with the Court's previous Orders by filing his written response on or before March 10, 2012.  The Final Order to Show Cause warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  On March 8, 2012, the envelope [ECF No.14] containing the Final Order to Show Cause [ECF No.13] was returned by the postal service with the notation "return to sender - not here."  Needless to say, Plaintiff has not complied with the Final Order to Show Cause.

Plaintiff has failed to comply with three Court Orders and he has not contacted this Court since November 16, 2011.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court Orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Defendants

have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 28th day of March, 2012.

                                 s/ HENRY T. WINGATE
                                 UNITED STATES DISTRICT JUDGE